Morphy, J.
This is an action brought to recover back money which the plaintiff alleges was paid through error by his agent, *336 under the belief that, as endorser of a bill of exchange held by the defendants, he was bound, when in point of fact he was nof so bound, and had been discharged by the failure of the holder of the bill to give him notice of its dishonor for want of acceptance. The evidence shows that the bill, which was payable sixty days after sight, was endorsed by the Bank to their agents at Liverpool, Reid, Irving &- Co.; that, on being presented to the drawee, it was refused acceptance, and protested on the 2-2d of February, 1842; that notice of this protest was not given to the plaintiff, but that on the 11th of June following, he was duly notified of the bill having been protested for non-payment, by a letter addressed to him by the cashier of the Bank. This officer testifies that, in a conversation with him, Heath expressed his willingness to settle for the difference which might exist between the amount of the bill, and the proceeds of a shipment against which it had been drawn. The precise time at which this conversation took place does not clearly appear. The witness cannot say whether it was prior to, or after the date of his letter giving notice of the non-payment of the bill; but that this promise to pay any sum which might remain due, was made by Heath before his departure, which took place on the 25th of June, 1842. It is shown, that on the arrival of Heath in England, and on ascertaining that no notice of the non-acceptance of the bill had been forwarded to him, he wrote to his agent here, John R. McMurdo, not to pay the bill nor any balance due on it, as he had been discharged by the neglect of the holder to give him notice; but that in the mean time, McMurdo being unapprised of the defendants’ laches, had settled for the balance apparently due to the Bank, to wit, $1138 10.
The defendants rely on the promise to pay made to their cashier, from which they say it must be inferred, that the plaintiff had notice of the non-acceptance, or waived it, and they aver that he cannot recover back the money paid in consequence of snch promise as at the time of making it he knew, or had the means of knowing, the circumstances attending the transaction. To this it is replied, that this promise is, at most, but presumptive evidence of notice, which must yield to the positive proof in the record that no notice of the non-acceptance of the bill was given to the plaintiff, *337 that such promise cannot be viewed as a waiver of notice, as there is no proof that Heath, when he made it, was apprised of the want of notice, and that he could not waive that of the existence of which he was not aware ; that notices of the dishonor of a bill are either actual or constructive; that Heath, when he made the promise, may have believed that there had been a notice transmitted to him, though it had not reached him ; that under this impression, he might have considered himself liable, but that it now turns out that no notice of any kind was given ; that, therefore, the promise was made in ignorance of the true state of the facts, and is not binding any more than the payment made in cons°quence of it, and under the same mistake. But it is insisted, that Heath was not entitled to notice from England ; that as the Bank had endorsed the bill to Reid, Irving <fc Co., the course would have been for those agents to notify the defendants of the protest, and for the latter to have then given notice to the plaintiff, their immediate endorser; that as both parties lived in New Orleans, such notice must have been either personally served, or left at his counting-house; that he must have known he bad not received the first kind of notice, and by proper inquiry and diligence might have ascertained that the latter had not been given ; that, therefore, the plaintiff knew, or had the means of knowing that notice had not been given ; and that by his promise and subsequent payment, he waived the right to take advantage of such want of notice. Nothing is better settled than, that a subsequent promise, to be binding on an endorser who has been discharged by the holder’s laches, must be made with a full knowledge of such laches, and with an intention to waive his legal rights. It is true, that affirmative proof of such knowledge is not required, and that it may be inferred from the circumstances attending the promise. In the present case, they are not such as necessarily induce us to believe that Heath knew that no notice of non-acceptance had been given. Although it is sufficient for agents to give notice only to their principals of the dishonor of a bill, it is not unusual for them to notify all the antecedent parties, and the plaintiff may well have believed that he had done so in the present instance. As soon as he discovered that no such notice had been given, he retracted his promise by ' *338 instructing his agent not to pay the bill. A promise thus made, in ignorance of the facts which discharge a party, is not binding, and money paid under it can be recovered back. Bailey on Bills, 297. 9 Mass. 408. 4 Dallas, 109. 8 Johnson, 384. 12 Johnson, 423. 12 La 467. 16 La. 317. This case comes clearly within the purview of article 2280, and the following, of our Code, which authorize the recovery of any sum paid on the supposition of an obligation which did not exist, or from which the party had been released.
The defendants next urge that, admitting the plaintiff was' under no civil, obligation to pay the bill, by reason of the laches of the holders, yet there was on his part such a natural obligation to pay it as should preclude him from recovering back the amount paid. The undertaking of the plaintiff was to pay the bill provided the holder made due demand of the acceptor, and gave him dne notice of the non-acceptance of the bill. His obligation was, therefore, a conditional one. When the condition failed he was under no obligation, either natural or civil, to pay the bill. He was completely and entirely discharged.

Judgment affirmed.